**Thomas L. GARCIA, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 04–15812.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Decided April 20, 2006.

---

Lawrence D. Rohlfing, Esq., Rohlfing Law Firm, Santa Fe Springs, CA, for Plaintiff-Appellant.

Linda M. Anderson, Esq., Fresno, CA, Theophous H. Reagans, Esq., San Francisco, CA, for Defendant-Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM *

 The Administrative Law Judge ("ALJ") did not offer clear and convincing reasons for rejecting the nearly unanimous psychiatric opinion of severe depression by Garcia's examining and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). In addition, although the ALJ provided sufficient reasons to reject the opinion of Dr. Rahmati, *see Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir.2003), the ALJ did not provide specific and legitimate reasons to reject Dr. Farrukh's disability opinion or specific workplace limitations. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998) (ALJ cannot ignore a treating physician's opinion of disability simply because it embraces the ultimate issue of fact, but must offer specific and legitimate reasons for rejection); *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir.1988) (insufficiently specific reason for rejecting a treating physician's opinion where the ALJ simply stated that the doctor's opinion was not supported by objective evidence).[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The only other reason proffered by the ALJ to support the rejection of Dr. Farrukh's February 19, 2002 opinion that Garcia could not "compete in the job market" was the assertion that such an assessment "exceeds the longitudinal record" because the most recent treatment record was eleven months prior to this letter. However, the letter itself describes an office visit of January 17, 2002 in detail, including Garcia's subjective pain complaints and the results of Dr. Farrukh's examination at that time.

Finally, the ALJ did not offer clear and convincing reasons to reject Garcia's testimony regarding the frequency, severity and duration of his pain. *See Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir. 1991) (en banc) (where there is medical evidence of an underlying impairment, ALJ "may not discredit the claimant's allegations of the severity of pain solely on the ground that the allegations are unsupported by objective medical evidence" (citation omitted)). Moreover, none of Garcia's daily activities are inconsistent with his subjective reports of pain. *See Reddick,* 157 F.3d at 722.

We therefore credit the opinions of Dr. Farrukuh and the testimony of Garcia. *See Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir.2004). Because it is clear from the record that, accepting this evidence as true, the ALJ would be required to find Garcia disabled,[2] we reverse the grant of summary judgment to the Commissioner and instruct the district court to remand to the Social Security Administration to calculate and award benefits. *See Moisa v. Barnhart,* 367 F.3d 882, 887 (9th Cir.2004).

REVERSED and REMANDED.

---

**2.** Garcia testified that he had difficulty with his hands, manipulating his fingers, and grabbing small things. In the final hypothetical posed to the vocational expert ("VE"), the ALJ included these limitations, and the VE opined that Garcia could not engage in any work available in the economy in substantial numbers.