Cathrine **BRUMFIELD**, Plaintiff—Appellant,

v.

Michael J. **ASTRUE**, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 06–16322.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2008.

Filed June 2, 2008.

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, Maria V. Daquipa, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Cathrine Brumfield appeals the district court's decision affirming an agency decision that Brumfield was not disabled within the meaning of the Social Security Act and therefore was not eligible for benefits. We affirm.

We review de novo the district court's order affirming the Commissioner's denial of benefits. *Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir.2004). We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir.2007) (citations and internal quotation marks omitted). A decision will not be reversed for errors that are harmless. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005).

The ALJ in this case did not err in rejecting the portions of Brumfield's testimony that were inconsistent with other evidence in the record. In order for the ALJ to reject a claimant's subjective complaints of pain or other symptoms, he must offer "specific, clear and convincing reasons for doing so." *Lingenfelter,* 504 F.3d at 1036 (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996)); *see Morgan v. Apfel,* 169 F.3d 595, 599 (9th Cir.1999).

The ALJ's decision in this case could have been clearer in explaining how the record contradicted Brumfield's testimony. Nonetheless, Brumfield's testimony was rejected on permissible grounds. *Bunnell v. Sullivan,* 947 F.2d 341, 345–346 (9th Cir.1991) (en banc). For example, the ALJ properly discredited Brumfield's testimony by citing the daily activities she

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

engaged in that were inconsistent with the scope of her alleged symptoms and her subjective assessment that she was unable to work. *See Lingenfelter,* 504 F.3d at 1040; *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989). Also, the ALJ discounted Brumfield's testimony by noting that she had received conservative treatment and had not been hospitalized for any of her conditions. *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995).

■ The ALJ did not err in rejecting the opinion of Brumfield's treating physicians. To reject the opinion of a controverted treating physician, an ALJ must set forth specific and legitimate reasons supported by substantial evidence in the record. *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir.2003). The ALJ in this case satisfied this standard by noting the presence of several conflicting medical opinions in the record, which themselves were based on independent clinical findings. *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). Moreover, the ALJ noted that the treating physician's opinions were without detailed explanations or findings, *see* 20 C.F.R. § 404.1527(d)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion."), and in some respects were internally inconsistent. *See Morgan,* 169 F.3d at 603.

■ Similarly, the ALJ did not err by relying on the assessment of a non-examining state agency physician in determining Brumfield's residual functional capacity. Reports of a non-examining advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it. *See Andrews,* 53 F.3d at 1041. The ALJ cited numerous reports and records from other doctors as evidence to support the conclusion that Brumfield could perform light work with some limitations.

■ Finally, the ALJ's hypothetical question to the vocational expert was proper. An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. *Roberts v. Shalala,* 66 F.3d 179, 184 (9th Cir.1995). In this case, the hypothetical question proposed to the vocational expert was supported by substantial evidence in the record. *Id.*

To the extent Brumfield alleges other errors, the arguments are rejected. Substantial evidence supports the decision made by the ALJ. *See Burch,* 400 F.3d at 679.

**AFFIRMED.**