Clyde MOISA, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 02–56672.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Filed April 16, 2004.

---

Young C. Cho, Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for the plaintiff-appellant.

Geralyn A. Gulseth, Office of General Counsel, Social Security Administration, San Francisco, CA, for the defendant-appellee.

Before: KOZINSKI and NOONAN, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge:

Clyde Moisa appeals the district court's judgment affirming the denial by the Commissioner of Social Security ("Commissioner") of his applications for disability insurance benefits and supplemental security income under Titles II and XIV of the Social Security Act, 42 U.S.C. §§ 423 and 1381. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g) and we have jurisdiction over the appeal under 28 U.S.C. § 1291. For the reasons discussed below we reverse the district court and remand for award of benefits.

## FACTUAL AND PROCEDURAL BACKGROUND

Moisa claimed total disability and an inability to work in two benefits applications filed on November 6, 1998. Following a hearing on January 12, 2000, the Administrative Law Judge ("ALJ") found that "[t]he medical evidence indicates that the claimant has noninsulin dependent diabetes mellitus; degenerative joint disease; sprain; strain; low back pain; diabetic neuropathy; and hand/finger cramps impairments[sic] that are severe within the meaning of the Regulations." Based on the medical testimony, however, the ALJ found that Moisa retained the residual functional capacity to perform medium work. A vocational expert ("VE") testified that a hypothetical person with the ability to perform medium work could perform Moisa's past work. On that basis, the ALJ found Moisa not to be disabled.

The ALJ noted that "[t]he claimant testified at the hearing of debilitating back pain, upper extremity and lower extremity pain ... [and] numbness in the hands and feet ... [and] that he could only sit for 20

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

to 30 minutes and stand/walk up to six to eight hours (with the assistance of a cane)." The ALJ rejected this testimony, stating that "[i]n the absence of medical evidence to support such allegations ... I cannot accept this testimony."

## DISCUSSION

### Standard of Review

We review de novo the district court's order affirming the Commissioner's denial of benefits. *Morgan v. Comm'r of SSA,* 169 F.3d 595, 599 (9th Cir.1999). We will overturn the Commissioner's decision if it is not supported by substantial evidence or is based on legal error. *Id.*

### Moisa's Subjective Pain Testimony

"[O]nce a claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." If the ALJ finds the claimant's pain testimony not to be credible, the ALJ "must specifically make findings that support this conclusion," and the findings "must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." If there is no affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of symptoms.

*Rollins v. Massanari,* 261 F.3d 853, 856–57 (9th Cir.2001) (citations omitted).

Here, Moisa offered evidence demonstrating—and the ALJ found—that Moisa suffered from a series of severe impairments, capable of causing pain. *See*

*Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996). Nevertheless, the ALJ rejected Moisa's pain testimony solely for lack of objective medical evidence corroborating it. He cited no evidence of malingering and made no findings that would allow us to conclude that he rejected the testimony on permissible grounds, such as a reputation for dishonesty, conflicts between the claimant's testimony and his conduct, or internal contradictions in the testimony. *See* 20 C.F.R. § 404.1529(c); *Smolen,* 80 F.3d at 1281; *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir.1991) (en banc). His rejection of Moisa's pain testimony was therefore clear error. *See Light v. SSA,* 119 F.3d 789, 792 (9th Cir.1997).

### Residual Functional Capacity

The ALJ's erroneous rejection of Moisa's subjective pain testimony undermines his finding of no disability. Moisa testified:

Q Okay. How long are you able to stand and walk around before you have to—feel like you have to take a rest of some sort?

A Maybe about anywhere from 20, 30, 40 minutes and then I have to—it's like if I'm sitting here right now my back is—like waiting, when we were waiting in there, I had to get up a few times because my back was hurting. I get up and I walk or lean against a wall or something to try to—and then it takes the pain away and I go sit down again. But then it's like it comes quicker and I have to get up again and I have to do something. Usually, when this happens, if I'm at home I lay down. That's all I do until it goes away.

Q So after moments of either sitting or standing for a longer period of time, you need to lay down?

A Yes. Usually I lay on the floor.

Q Now when you stand or walk around for 20, 30 or 40 minutes and then you, you rest, are you then able to do the same amount of standing and walking again?

A Well, no. Like if it—if I'm in pain right now, I stand against a wall, say in another 15 it starts in getting less that I have to do it quicker. How would I say that. Gradually it, it comes quicker to me (INAUDIBLE).

Q Okay. So your limits start getting shorter and shorter—

CLMT: Yes. That's what I was trying to say.

. . .

Q Okay. Do you think that you could stand and walk for a total of six hours in a day during an eight hour work period?

A No.

Q How about two hours?

CLMT: With standing? That I could stand and walk?

ATTY: Yeah.

BY CLAIMANT:

A When it came, yes. I could two hours.

The VE then testified as follows:

Q Okay, Ms. Hetrick, I'd like you to assume that the individual would have to, to be required to take unscheduled breaks as a result of—well, whatever the result or the cause of it may be, but would have to take the unscheduled breaks as Mr. Moisa has testified to. He needs to lay down during the day as a result of his condition. Would that affect the ability on any of the jobs that we have previously discussed, past or— let's start with the past relevant jobs. Would they affect the ability to perform those jobs?

. . .

ATTY: His testimony is that—the way I have it down is that he can stand and walk for 20 to 30 to 40 minutes depending on the type of situation. Sit for a half an hour. Lay down. Could resume some activity, but it would be a reduced capacity in some.

VE: Right.

ATTY: If he goes back to standing or walking or sitting, it would be reduced. And then it would be continually reduced throughout the day. If that were his, his physical capacity, would that have an impact on the ability to do the jobs that he had previously done?

BY VOCATIONAL EXPERT:

A Yes. Based on the testimony today, I think that would preclude those jobs. I think that would preclude all employment.

Given Moisa's pain testimony, which the ALJ was not entitled to reject, and this unchallenged testimony of the VE, which the ALJ ignored, the ALJ's finding that Moisa's impairments do not prevent him from performing his past relevant work is not supported by substantial evidence.

*Remand for Award of Benefits*

■ Because we must reverse the Commissioner's decision, we next consider whether we may remand with directions to award benefits. In a recent decision the Supreme Court held that when a court of appeals reverses an administrative agency determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)); *see also UOP v. United States*, 99 F.3d 344, 351 (9th Cir.1996) ("The general rule is that when an administrative agency has abused its discretion or exceeded its statu-

tory authority, a court should remand the matter to the agency for further consideration." (quoting *Abramowitz v. EPA*, 832 F.2d 1071, 1078 (9th Cir.1987))).

We find that this case presents the rare circumstance in which a remand for additional investigation would be inappropriate.

In the usual benefits eligibility case, the claimant's subjective testimony is not the only issue. *See* 42 U.S.C. § 423(a)(1) (claimant must demonstrate that he is insured for disability insurance benefits, has not attained retirement age, has filed an application for disability insurance benefits, and is under a disability); § 423(d)(2)(A) (claimant must demonstrate a physical or mental impairment or impairments and an inability to engage in any substantial gainful work which exists in the national economy). Here, however, the question of whether Moisa is eligible for benefits turns entirely on the credibility of his subjective pain testimony. It is undisputed that Moisa has met § 423's procedural requirements and presented objective medical evidence showing the existence of medical impairments which could reasonably be expected to produce his alleged pain and other symptoms. *See id.* § 423(d)(5)(A). The VE further established that Moisa's testimony, taken as true, demonstrates that he is unable to do his previous work or any other kind of substantial gainful work which exists in the national economy. *See id.* § 423(d)(2)(A). Moreover, unlike the asylum context considered in *Ventura*, in which the Attorney General retains ultimate discretion, an award of Social Security benefits is mandatory if Moisa's impairments rendered him disabled. *Compare* 8 U.S.C. § 1158(b)(1) ("The Attorney General may grant [relief] to an alien ....") *with* 42 U.S.C. § 423(a)(1) (every individual who establishes disability and meets three procedural requirements "shall be entitled to a disability insurance benefit").

We conclude that (1) the ALJ failed to provide legally sufficient reasons for rejecting Moisa's testimony, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find Moisa disabled if his testimony were credited. *See Smolen*, 80 F.3d at 1292. We therefore find a remand for award of benefits to be appropriate. *See Reddick v. Chater*, 157 F.3d 715, 729 & n. 13 (9th Cir.1998) (remanding for an award of benefits where testimony by claimant and VE, properly credited, established disability); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir.1989) (same); *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir.1988) (same). Unlike *Ventura*, this case requires no further agency expertise or evaluation, and our decision does not independently create a potentially far-reaching legal precedent. *See Ventura*, 537 U.S. at 17, 123 S.Ct. 353. The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility. *See He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003).

**REVERSED AND REMANDED.**