**Ellen HANCOCK, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

**No. 04–35582.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2005.

Decided Nov. 3, 2005.

Linda Ziskin, Law Offices, Lake Oswego, OR, for Plaintiff–Appellant.

Lucille G. Meis, Esq., Daphne Banay, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER, GOULD, and BEA, Circuit Judges.

\* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM \*

Ellen Hancock (Hancock) appeals the district court's judgment affirming the Administrative Law Judge's (ALJ) denial of social security benefits, based on his finding that Hancock was not disabled under 42 U.S.C. § 423(d)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

Because the parties are familiar with the facts and procedural history of the case, we do not recite them here except as necessary to our decision.

### I. Standard of Review

We review the district court's decision affirming a denial of social security benefits de novo. *Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir.2004). Accordingly, we will affirm the ALJ's determination if it is supported by substantial evidence and is free from legal error. *Id.*

### II. Waiver

■ At the district court, Hancock did not challenge the ALJ's finding that she was capable of performing work which exists in significant numbers. Nonetheless, an exception to the waiver doctrine applies here because the issue on appeal is purely one of law. *See Yuckert v. Heckler,* 774 F.2d 1365, 1367 (9th Cir.1985), *rev'd on other grounds,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Accordingly, we consider the issue now even though Hancock did not raise it below.

### III. Work in significant numbers

■ During proceedings at the district court, the Commissioner conceded that

of this circuit except as provided by 9th Cir. R. 36–3.

Hancock is capable of performing only the single job of surveillance system monitor, with 101 positions locally available and 18,-066 positions nationally available. Because the Commissioner's concessions were made at the district court, the ALJ did not make a finding on whether the job of surveillance system monitor, taken alone, is "work which exists in significant numbers" under 42 U.S.C. § 423(d)(2)(A). Mindful that this is a "matter that statutes place primarily in agency hands," we remand to the ALJ to make this determination in the first instance. *I.N.S. v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); *see also Moisa*, 367 F.3d at 886—87 (in the social security context, this court generally should remand under *Ventura* where "additional investigation or explanation" is necessary). Accordingly, we remand to the district court with instructions to remand to the ALJ.

**REVERSED and REMANDED.**