Christopher A. FLOYD, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Defendant—
Appellee.

No. 04–35730.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2006.

Decided April 26, 2006.

**738**

Elie Halpern & Associates, PS, Olympia, WA, Victoria B. Chhagan, Esq., Seattle, WA, for Plaintiff-Appellant.

David M. Blume, Esq., Social Security Administration Office of the General Counsel, Brian C. Kipnis, Esq., USSE - Office of the U.S. Attorney, Seattle, WA, for Defendant-Appellee.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM *

Christopher Floyd appeals from the district court's order affirming the Administrative Law Judge's (ALJ's) denial of Supplemental Security Income disability benefits. The ALJ found that Floyd retained the residual functional capacity (RFC) to perform work at all exertion levels, reduced by no more than moderate limitations. Further, the ALJ found that Floyd was able to perform past work as a dishwasher, fast-food grill cook, or fire watch.[1]

In evaluating Floyd's disability claim, the ALJ rejected the opinion of Floyd's treating psychiatrist, Dr. Lenza, and found that Floyd was not credible in light of Floyd's description of his daily activities. On appeal, Floyd challenges the ALJ's pertinent findings, arguing that the ALJ improperly evaluated medical evidence showing that Floyd suffered from schizophrenia, erroneously found that Floyd was not credible, and mistakenly determined that Floyd was capable of performing past work. We address these arguments in turn.[2]

■ Floyd argues that the ALJ improperly evaluated medical evidence by rejecting the opinion of Floyd's treating physician, Dr. Lenza, by not providing sufficient reasons for rejecting Dr. Neims's diagnosis of paranoid schizophrenia, and by ignoring evidence from Dr. Lysak and Kitsap Mental Health tending to show that Floyd suffered from schizophrenia.

The ALJ rejected Dr. Lenza's opinion regarding Floyd's functional limitations in part because of Dr. Lenza's repeated references to Floyd's "negative symptomology." Our precedents require an ALJ to set forth "specific and legitimate" reasons for rejecting the opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Here, the ALJ was specific but mistaken. The ALJ understood Dr. Lenza's reference to "negative symptomology" to refer to Floyd's denial of positive psychotic symptoms, such as hallucinations, or to malingering. However, Dr. Lenza's use of the term "negative symptomology" referred to Floyd's loss of personality traits, not his denial of symptoms. The *Diagnostic and Statistical Manual of Mental Disorders* § 295.30 (4th ed.2000) recognizes negative symptoms, such as blunted affect or loss of personality traits, to be indicators of schizophrenia. Thus the "negative symptomology" noted by Dr.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

1. Because the parties are familiar with the factual and procedural history, we recount it here only to the extent necessary to understand our decision.

2. We review a district court's order affirming the denial of benefits de novo. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir.2004). The ALJ's decision must be supported by substantial evidence and free of legal error. *See* 42 U.S.C. § 405(g); *Moisa*, 367 F.3d at 885.

Lenza bolstered and did not undermine Floyd's claim that he suffered from schizophrenia.

The Government, in its oral argument before us, has conceded that the ALJ improperly interpreted Dr. Lenza's reference to negative symptoms, but the Government argues that this error was harmless because the ALJ focused on Floyd's functional limitations, not Dr. Lenza's diagnosis. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). However, the ALJ did not just dismiss Dr. Lenza's diagnosis, but also his opinion of Floyd's functional limitations. Accordingly, we remand this case to the ALJ to determine whether to credit the testimony of Dr. Lenza based on a proper understanding of the term "negative symptomology." We deny Floyd's request for us to remand to the ALJ directing a finding of disability. Instead, on remand the ALJ may credit or reject Dr. Lenza's opinion for valid reasons, but must do so with a correct understanding of the meaning of "negative symptomology." Because the ALJ also discounted the evidence from Kitsap Mental Health because of the ALJ's misunderstanding of the term "negative symptomology," on remand the ALJ shall reevaluate this evidence as well.

■ Floyd also argues that the ALJ did not provide sufficient reasons for rejecting Dr. Neims's diagnosis of paranoid schizophrenia, and that the ALJ ignored certain evidence from Drs. Lysak and Clifford. However, we conclude that the ALJ's findings regarding this medical evidence are sufficiently reasoned and supported by substantial evidence.

■ Floyd next challenges the ALJ's finding that Floyd's testimony was not credible. An ALJ may discredit a claimant's subjective complaints by identifying inconsistencies between his complaints and his daily activities. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.2001). Also, an ALJ may include observations of a claimant's demeanor at the hearing as one reason to discredit a claimant's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir.2002). Accordingly, we affirm the ALJ's determination that Floyd was not entirely credible because that finding is supported by substantial evidence.

■ Regarding the ALJ's determination that Floyd could perform past relevant work, Floyd argues that the ALJ did not make specific findings as required by SSR 82–62, *available at* 1982 WL 31386. SSR 82–62 requires the ALJ to make findings of fact regarding the individual's RFC, the demands of the past relevant jobs, and whether the claimant's RFC would permit a return to a past job. Here, the ALJ made the findings of fact that SSR 82–62 requires, and we reject Floyd's argument to the contrary.

In sum, we remand to the ALJ determine whether Floyd has the RFC to perform past work in light of a proper understanding of the term "negative symptomology." We affirm all other aspects of the district court's decision to affirm the ALJ's denial of benefits.

**AFFIRMED IN PART AND REVERSED IN PART, REMANDED FOR FURTHER PROCEEDINGS.**