MEMORANDUM **
Plaintiff-Appellant Deborah Castillo appeals from the district court’s summary judgment upholding the denial of her application for disability benefits under Title XVI of the Social Security Act. The parties are familiar with the facts and procedural background, and we will discuss them only where necessary to explain our ruling.
The Administrative Law Judge (“ALJ”) rejected Castillo’s treating medical source opinion as “inconsistent with the greater objective record, namely, treatment records from that same source between February and April 2004, which indicate the claimant’s mental status was improved and stable.... ” The opinions of treating sources are generally to be given the greatest weight when comparing the opinions of medical experts as they relate to the claimant. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996); Rodriguez v. Bowen, 876 F.2d 759 (9th Cir.1989). Although the treating physician’s opinion is not conclusive as to a claimant’s medical condition, an ALJ may reject this opinion when it conflicts with an examining physician’s opinion only by providing “specific and legitimate” reasons supported by substantial evidence. Batson v. Comm’r, 359 F.3d 1190, 1194-95 (9th Cir.2004); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989).
The ALJ’s finding is not supported by “specific and legitimate” reasons. The ALJ’s cursory statement that the medical *96 evidence from a three-month window of treatment is “inconsistent” with the treating source opinion is neither supported by the record nor sufficient to support the rejection of that opinion. While it is true that the psychiatric progress reports indicated some improvement during this period, these same records noted continuing difficulties with anger, self-mutilation and thoughts of cutting, sleeping problems, and increases in Castillo’s medication. Even if some improvement occurred during this window, the ALJ’s focus was inappropriately narrow, as Castillo experienced significant setbacks shortly thereafter.[1] The ALJ’s rejection of treating source opinion was thus not based on “specific and legitimate” reasons supported by substantial evidence.
The ALJ’s interpretation of the report of consulting physician Dr. Bencomo is also not supported by substantial evidence. Dr. Bencomo’s report agreed with the treating source that Castillo has both a major depressive disorder and a personality disorder with borderline and antisocial traits. Dr. Bencomo also noted that Castillo has serious limitations in a variety of functional areas that relate to her ability to work, and opined that Castillo’s personality disorder “pose[s] a problem for long term employment.” While acknowledging all of these findings, the ALJ interpreted the report as adverse to Castillo’s claim; the ALJ stated that “[Dr. Bencomo’s] opinion was given probative weight ... based upon the objective nature of Dr. Bencomo’s evaluation and his consistency with the greater objective record.” No explanation was provided as to how these various significant impairments are “consistent” with the ALJ’s conclusion that Castillo was capable of working.
The state agency’s reviewing physicians both reported that Castillo was capable of engaging in work similar to that of the electronics position she formerly held. These sources, however, neither examined nor treated Castillo, and thus should be accorded the least weight in the consideration of conflicting expert opinions. Lester, 81 F.3d at 830. They do not support a rejection of the opinion of the treating source nor of Dr. Bencomo’s findings and caution concerning Castillo’s long-term employability.
Finally, the ALJ’s adverse credibility finding is not supported by substantial evidence. An ALJ must give specific, clear, and convincing reasons to reject a claimant’s testimony of subjectively disabling symptoms. Thomas v. Barnhart, 278 F.3d 947, 959-60 (9th Cir.2002). The ALJ must provide reasons that are “sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant’s testimony on permissible grounds.... ” Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). In this case, the ALJ “considered the claimant’s subjective allegations and [did] not fully accept them,” citing two reasons for this rejection: Castillo’s increased stability while on medications and the supposed incompatibility of her daily activities with her alleged impairment. To support the first conclusion, the ALJ pointed to her treatment record to show that “she is stable on medications, even during times of stress,” and that she “was re-stabilized” after a period of time off her medication. Id. The ALJ does not cite to any specific areas of the record, but rather cites to larger exhibits reflecting Castillo’s treatment record. In light of the consistent *97 and varied evidence that Castillo faced relapses and continued difficulties while on medication, this generalized statement cannot support an adverse credibility finding.
To support the second conclusion, the ALJ cited evidence that Castillo “lives with her boyfriend and prepares meals, shops, cares for her cats, and rides her bike” and that “she does artwork as a hobby ... [and] can also take the city bus to the library and to attend medical appointments” in spite of her personality disorder. Id. The ALJ does not explain how these minor, daily tasks are incompatible with Castillo’s testimony of her disability. The cases cited in support of the ALJ’s ruling dealt with claimants who testified that they could not return to work because of physical pain but nevertheless engaged in a variety of physical activities. See Batson, 359 F.3d at 1196-97; Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir.2005); Thomas, 278 F.3d at 958-59. The daily activities described by Castillo would certainly be suspicious if she alleged crippling physical pain as part of her disability. Castillo’s disabilities, however, are psychological in nature. Her inability to engage effectively with others, to maintain a normal sleep schedule, to avoid self-destructive behavior, and to avoid significant depressive episodes have very little relation to her ability to engage in the activities cited by the ALJ. Castillo’s activities therefore cannot constitute “clear and convincing” evidence to support an adverse credibility finding.
Because the analysis of the ALJ was not supported by substantial evidence, the ALJ’s decision cannot stand. This case, however, does not present “the rare circumstance in which a remand for additional investigation would be inappropriate.” Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir.2004). The record as it stands does not permit us to conclude that Castillo meets all of the requirements for disability benefits. We therefore reverse the decision of the district court and remand to permit further administrative proceedings.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In July 2004, Castillo was still described as having moderately severe impairments in various areas of functioning. In both August and September 2004, Castillo's status worsened, including one instance after Castillo had taken her medication for six weeks.