**Arthur O. RAWLINGS, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 07–56709.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2009.

Filed March 11, 2009.

Thomas Garrett Roche, San Diego, CA, for Plaintiff–Appellant.

Thomas C. Stahl, Chief Counsel, Office of the U.S. Attorney, Jean Marie Turk, Assistant Regional Counsel, SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, FERNANDEZ and PAEZ, Circuit Judges.

## MEMORANDUM *

Arthur O. Rawlings appeals a district court judgment, which affirmed the Commissioner of Social Security's final decision to deny his application for Disability Insurance Benefits under Title II of the Social Security Act. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We review "de novo the district court's order affirming the Commissioner's denial of benefits." *Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir.2004) (citation omitted). We "may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002) (citation and internal quotation marks omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005) (citation and internal quotation marks omitted).

The Social Security regulations provide a five-step inquiry to determine whether a claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). The administrative law judge (ALJ) determined at step four that Rawlings's previous job at American Pro-

tective Services (APS) constituted past relevant work as a surveillance system monitor, and that Rawlings had the residual functional capacity to perform this work as generally performed in the national economy, but not as he actually performed it. Rawlings argues that the determination that he has past relevant work as a surveillance system monitor is based on legal error and not supported by substantial evidence.

The ALJ reached these determinations after hearing testimony from Rawlings and a vocational expert. Rawlings testified that while employed at APS, he was assigned to the Qualcomm facility in La Jolla, California, where he spent an equal amount of time each day walking rounds to check doors and locks and watching television monitors. Based on this testimony, the vocational expert testified that Rawlings had past relevant work as a surveillance system monitor. Rawlings's attorney asked the vocational expert whether the APS job was properly classified as a security guard position that included surveillance system monitoring duties. The vocational expert stated that it could be argued either way, and acknowledged that the *Dictionary of Occupational Titles* limits the duties of a surveillance system monitor to watching television monitors and does not include such duties as walking rounds and checking doors.

The vocational expert's ambiguous testimony is insufficient to support the ALJ's conclusion that Rawlings had past relevant work as a surveillance system monitor. "In making disability determinations, the Social Security Administration relies primarily on the *Dictionary of Occupational Titles* for 'information about the requirements of work in the national economy.'"

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Massachi v. Astrue,* 486 F.3d 1149, 1153 (9th Cir.2007) (quoting SSR 00–4p at 2). The Social Security Administration may also rely on testimony from vocational experts, which should be consistent with the *Dictionary of Occupational Titles,* although neither "trumps" the other when there is a conflict. *Id.* (quoting SSR 00–4p at 2). We have observed that SSR 00–4p "explicitly requir[es] that the ALJ determine whether the [vocational] expert's testimony deviates from the *Dictionary of Occupational Titles* and whether there is any reasonable explanation for any deviation." *Id.* Only after determining whether the vocational expert has deviated from the *Dictionary of Occupational Titles* and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination. *Id.* at 1153–54.

Here, the record evidence indicates that the vocational expert's classification of Rawlings's past relevant work as a surveillance system monitor rather than a security guard deviated from the definitions of those occupations in the Dictionary of Occupational Titles. *Compare Dictionary of Occupational Titles* § 379.367–010 (4th ed.1991) (defining a surveillance system monitor, in part, as one who "[m]onitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action" and providing an industry designation of government services), *with id.* at § 372.667–034 (defining a security guard, in part, as one who "[g]uards industrial or commercial property against fire, theft, vandalism, and illegal entry, ... Patrols, periodically, buildings and grounds of industrial plant or commercial establishment, ... Examines doors, windows, and gates to determine that they are secure" and providing an industry designa-

tion of any industry). At no point in the proceedings did the ALJ ask the vocational expert whether her testimony deviated from the DOT, and her equivocal answer to the question posed by Rawlings's attorney is too ambiguous to qualify as a reasonable explanation for any deviation.

Therefore, we reverse the decision of the district court and remand with instructions to remand this case to the Commissioner for further evidence on the duties and responsibilities of Rawlings's job at APS.

REVERSED and REMANDED.