MEMORANDUM ***
Jo Ann Edwards-Alexander (“Edwards-Alexander”) appeals from the district court’s judgment affirming the Commissioner of Social Security’s denial of disabil *636 ity benefits under Title II of the Social Security Act.
We have jurisdiction under 28 U.S.C. § 1291. “We review de novo the findings of the district court.” Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.2006) (citing Flaten v. Sec’y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir.1995)). A denial of benefits may be set aside only if it is not supported by substantial evidence or if it is based on legal error. Id. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457). The Commissioner’s findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).
1. The ALJ Improperly Rejected the Mental Limitations Assessed by Examining Psychologist Dr. Ana No-gales.
The opinion of Dr. Nogales, a psychologist who examined Edwards-Alexander, was entitled to greater weight than that of Dr. Agler, a non-treating, non-examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995) (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.1990) and Gallant v. Heckler, 753 F.2d 1450 (9th Cir.1984)). Where the examining professional’s opinion is contradicted, that opinion “can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.” Lester, 81 F.3d at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995)). The ALJ was not free to reject the opinion of Dr. Nogales without explicitly providing specific, legitimate reasons for doing so. Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir.1996). The ALJ erred by not giving any reasons for rejecting Dr. Nogales’s opinion.
The ALJ’s other reasons in support of his decision were inadequate to support his ruling that any mental impairments suffered by Edwards-Alexander were not severe. Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir.1989) (explaining that the ALJ’s use of a non-examining physician’s testimony to reject a treating physician’s opinion was proper where substantial record evidence supported the ALJ’s reasons for the rejection).
First, the ALJ erred by relying on Edwards-Alexander’s purportedly unexplained failure to seek psychiatric help. Regennitter v. Comm’r of the Soc. Sec. Admin., 166 F.3d 1294, 1297 (9th Cir.1999) (proscribing “the rejection of a claimant’s complaints for lack of treatment when the record establishes that the claimant could not afford it.”) (citing Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996)). The record shows Edwards-Alexander did not seek medical treatment for her psychiatric condition because she could not afford it.
Second, the ALJ noted that Edwards-Alexander’s testimony regarding her depression was internally inconsistent. The record shows that the ALJ was wrong when he concluded that Edwards-Alexander’s statement in her application that she had an inability to concentrate was inconsistent with her testimony that she had problems concentrating every day. Third, the ALJ does not explain his reasoning nor does he support with evidence his assertion that socializing two to three times a week or regular church attendance is inconsistent with severe depression.
Because we hold that the ALJ erred in his consideration of Edwards-Alexander’s mental impairments, we do not address Edwards-Alexander’s contention that the ALJ failed to provide a complete hypothetical to the vocational expert. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984) (“If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert ... has no evidentiary value.”). Edwards-Alexander’s residual functional capacity should be considered once more following reconsider *637 ation of Edwards-Alexander’s mental impairments.
2. The ALJ Erred in His Consideration of Edwards-Alexander’s Treating Physicians’ Opinions.
The ALJ erred by not providing specific and legitimate reasons why he found Dr. Tom’s opinion with respect to Edwards-Alexander’s need for a cane to be superior to Dr. Boatwright’s contrary opinion. To reject treating physician Dr. Boatwright’s opinion in favor of the opinion of examining physician Dr. Tom, the ALJ was required to provide “specific and legitimate reasons supported by substantial evidence in the record.” Lester, 81 F.3d at 830 (internal quotation omitted). The ALJ erred by providing no reasons for rejecting Dr. Boatwright’s opinion.
The ALJ erred by improperly discounting the medical opinions in the monthly and final reports of treating physician Dr. Amin. Merely listing the inconsistencies between Dr. Tom’s and Dr. Amin’s assessments was not sufficiently specific. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988). The ALJ did not err, however, by rejecting Dr. Amin’s conclusion that Edwards-Alexander was disabled. 20 C.F.R. § 404.1527(e)(1) (reserving the assessment of disability to the Commissioner).
On remand, the ALJ also should consider the impact of Edwards-Alexander’s obesity on her impairments and residual functional capacity. Edwards-Alexander presented evidence that reasonably alerted the ALJ to the fact that her obesity was exacerbating her other symptoms. Obesity was raised implicitly in Edwards-Alexander’s symptoms. See S.S.R. 02-IP, 2000 WL 628049 at *3 (recognizing that obesity often complicates chronic diseases of the respiratory and musculo-skeletal systems and can cause or contribute to depression); see also Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir.2003).
3. The ALJ Did Not Present Clear and Convincing Reasons to Reject Edwards-Alexander’s Subjective Complaints About Her Symptoms.
The ALJ erred by finding that Edwards-Alexander’s allegations regarding her limitations were not credible. The ALJ was required to make specific findings as to why he found Edwards-Alexander not credible, and provide clear and convincing reasons for rejecting her testimony. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir.2004) (citing Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir.2001)).
The ALJ’s reading of Edwards-Alexander’s written application as stating that Edwards-Alexander was completely bed-bound was in error. Edwards-Alexander consistently described her mobility as being limited, not non-existent.
There was no discrepancy between Edwards-Alexander’s written application and testimony concerning the source of her pain. Contrary to the ALJ’s finding, Edwards-Alexander never alleged shoulder pain as a disabling factor, but she consistently alleged back pain. There was no clear and convincing reason given by the ALJ for disbelieving Edwards-Alexander’s testimony with respect to the location, duration, frequency, and intensity of her pain.
The ALJ’s finding that there were inconsistencies in Edwards-Alexander’s allegations regarding her treatment, other than medication, that she received for relief of pain or other symptoms was in error. Edwards-Alexander testified consistently with her written application concerning her use of the “boot sleeve” and hot baths. Neither do the remaining trivial inconsistencies contained in the ALJ’s *638 decision add up to clear and convincing reasons for rejecting Edwards-Alexander’s claim.
The ALJ’s finding that the record did not support Edwards-Alexander’s claim that she sees a chiropractor is directly contradicted by the record. The record contains a questionnaire filled out by the chiropractor that substantiates Edwards-Alexander’s claim.
The ALJ’s finding that Edwards-Alexander was not credible when she testified that she could not lift more than two pounds was in error. Edwards-Alexander never attributed her inability to lift more than two pounds to her shoulder pain. The ALJ erred by finding Edwards-Alexander not credible.
CONCLUSION
We reverse and remand to the district court with instructions to remand to the Social Security Administration for further administrative hearings.
On remand, the ALJ should reassess examining psychologist Dr. Nogales’s conclusions regarding Edwards-Alexander’s mental limitations and should propound a complete hypothetical to the vocational expert. The ALJ should also consider the impact of Edwards-Alexander’s obesity on her impairments. Petition GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.