MEMORANDUM **
Barbara Biggs appeals pro se from the district court’s judgment affirming the Commissioner of Social Security’s denial of disability insurance benefits. “We review de novo the district court’s order affirming the Commissioner’s denial of benefits.” Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir.2005) (quoting Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir.2004)). “A decision to deny benefits will only be disturbed if it is not supported by ‘substantial evidence or it is based on legal error.’ ” Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.2005) (quoting Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989)). The district court exercised jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
The facts of this case are known to the parties and we, do not repeat them here.
Contrary to Biggs’ assertions, the administrative law judge (“ALJ”) fully developed the administrative record by including all of Biggs’ medical records between the date of her alleged disability and the date her disability insurance expired. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.2001); Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999). Substantial evidence supports the ALJ’s finding that Biggs’ medical impairments did not constitute a severe disability before the date she was last insured. See 42 U.S.C. § 423(d)(1)(A). The ALJ properly considered and discounted Biggs’ subjective complaints of pain. See Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir.2002).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.