NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY ARAGO,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 10-16538

D.C. No. C-09-CV-3603-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Submitted October 26, 2011[**]
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,[***] Senior District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lewis A. Kaplan, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Gary Arago appeals the district court's grant of summary judgment in favor of Michael Astrue, Commissioner of the Social Security Administration. The district court determined that the administrative law judge's ("ALJ") findings that Arago was not disabled and that he was not entitled to disability insurance or supplemental security income ("SSI") benefits were supported by substantial evidence.

We have jurisdiction to review this petition under 28 U.S.C. § 1291. We review de novo a district court's order affirming the denial of social security benefits. *See, e.g.*, *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004). A decision by the Commissioner of Social Security will be affirmed as long as it is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). We affirm the district court, which held that the ALJ relied on substantial evidence in denying Arago's claims for disability benefits and SSI benefits.

The ALJ applied the five-step sequential evaluation process required under the federal regulations. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003). Relevant here, the ALJ relied on substantial evidence in determining that Arago's condition did not meet Listing 4.04C for ischemic heart disease. That listing requires a showing not only of coronary artery disease, but also of "very serious limitations" on activities of daily living. 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.04C. The ALJ

2

permissibly found, relying on Arago's medical records, that Arago failed to show such limitations because he maintained an active lifestyle, including daily exercise for an hour, a full complement of household chores, and frequent errands. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (noting that "'cooking, house cleaning, doing laundry, and helping her husband in managing finances'" reflect that the "'claimant has normal activities of daily living'").

Moreover, the ALJ did not err in relying on the opinion of a non-treating physician regarding Arago's residual functional capacity. *See Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Contrary to Arago's contentions, the regulatory scheme does not require that a treating physician perform the consultative examination, 20 C.F.R. § 404.1519h, or that the agency purchase an exercise test when, as here, it can determine whether a claimant qualifies as disabled based on evidence already in its possession, 20 C.F.R., pt. 404, subpt. P, app. 1, § 4.00(C)(6)(b).

Finally, substantial evidence supports the ALJ's finding that Arago is capable of modified "light work." *See* 20 C.F.R. §§ 404.1567, 416.967; *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) ("Nor was the ALJ bound to accept as

3

true the restrictions set forth in the second hypothetical question if they were not supported by substantial evidence."). The medical evidence (and, indeed, his own testimony) showed that Arago could comfortably walk up to a mile at a time and could lift and carry 20 pounds occasionally and 10 pounds frequently.

**AFFIRMED.**