**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD H. MORINSKEY, | No. 10-16122 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-1661-GSA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Argued and Submitted October 14, 2011
San Francisco, California

Before:  THOMAS and MURGUIA, Circuit Judges, and HUFF, District Judge.[**]

Donald H. Morinskey appeals the district court's judgment affirming the

Commissioner of Social Security's denial of disability benefits.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 1291.  We reverse and remand for payment of benefits.

"We review the district court's order affirming the Commissioner's denial of benefits de novo to ensure that the Commissioner's decision was supported by substantial evidence and a correct application of the law." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citation, quotation marks, and alterations omitted).

The Administrative Law Judge ("ALJ") did not "make findings setting forth specific, legitimate reasons" for rejecting Dr. McNairn's opinion that Morinskey's abilities to maintain regular attendance, to sustain an ordinary routine, and to complete a normal work day or week without interruption from his bi-polar disorder were moderately impaired. *Id.* at 692 (citations, quotation marks, and alterations omitted).  The ALJ placed great weight on Dr. McNairn's assessment but did not discuss or analyze the limitations on Morinskey's inability to sustain gainful employment given his mental illness.

The district court gave the ALJ the benefit of the doubt by reading between the lines of the ALJ's discussion of Morinskey's daily activities, and the Commissioner also argues that the ALJ's rationale is implied.  But the ALJ is required to state "specific and legitimate" reasons to explain why his conclusions

outweigh the doctor's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). We agree with Morinskey that there is inadequate discussion or rationale as to why the ALJ disregarded the critical part of Dr. McNairn's opinion. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). The error is particularly noticeable because the ALJ expressly gave the other parts of Dr. McNairn's opinion substantial weight. Nor does the ALJ's restriction to a "low stress" job respond to the legal issue raised on appeal.

Importantly, Dr. McNairn, who was an examining consultant, gave an opinion that was consistent with the overwhelming evidence in the medical records of the *treating* physicians. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("the treating physician's opinion is given deference"); *Embrey*, 849 F.2d at 421. Having carefully reviewed the medical records, we conclude that Dr. McNairn's findings, which echo the opinions of Morinskey's treating physicians, concerning Morinskey's inability to complete a normal work day are supported by substantial evidence. The related findings regarding Morinskey's moderately impaired ability to interact with others further strengthens the conclusion that he would be unable to perform regular and continuous work. *Rosin v. Sec'y of Health, Educ. & Welfare*,

-3-

379 F.2d 189, 195 (9th Cir. 1967) (employers are concerned with psychological stability and steady attendance).

On this record, Morinskey is correct that the first hypothetical question posed to the vocational expert did not accurately reflect his limitations. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). When proper weight is afforded the medical opinions of Morinskey's mental limitations, the vocational expert's testimony on the second hypothetical establishes that Morinskey is unable to complete a regular work day and is disabled.

"We may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (citation omitted); *accord Moisa v. Barnhart*, 367 F.3d 882, 886-87 (9th Cir. 2004); *Reddick v. Chater*, 157 F.3d 715, 729-30 (9th Cir. 1998) (when evidence supported limitation, and vocational expert testified claimant would not be able to work with that limitation, award of benefits appropriate); *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987) (treating physician's opinion supported award of benefits).

That standard is met in this case. The record is fully developed and there are no outstanding issues that must be resolved. The ALJ failed to provide legally sufficient reasons to reject Morinskey's evidence that he is disabled. A careful

review of the treating and examining doctors' opinions supports the limitations

presented to the vocational expert in the second hypothetical (*i.e.*, "this person

would be unable to complete a work day or week without interruption from

psychologically based symptoms"), therefore, the ALJ would be constrained to

conclude that Morinskey could not obtain gainful employment and qualifies for

disability benefits.[1]

REVERSED AND REMANDED.

---

[1]Though Morinskey's written application for benefits set an onset date of 2002, during the hearing, he amended the date to 2005.