NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLISON MAE VARELA, | No. 19-16785 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01335-JAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 17, 2020[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.
Dissent by Judge HUNSAKER

Allison Varela appeals from the Social Security Administration's decision

denying Disability Insurance Benefits and Supplemental Security Income, which

was reversed and remanded for rehearing by the district court. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we reverse the district court and remand for payment of benefits.

Here, the parties do not dispute that the Administrative Law Judge (ALJ) erred by improperly rejecting Varela's treating physician's opinion. The district court applied the correct standard in reviewing the ALJ's rejection of Varela's treating physician because two non-examining physicians contradicted the treating physician's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Accordingly, the ALJ was required to provide "specific and legitimate reasons" supported by substantial evidence to reject it. *Id.* The ALJ rejected the treating physician's narcolepsy diagnosis concluding that it is a "psychological condition[]" the physician was not qualified to diagnose and that it was inconsistent with other medical evidence in the record. This was wrong on both counts. The treating physician, a neurologist, was qualified to diagnose narcolepsy and his diagnosis relied on, and was consistent with, objective medical evidence.

Based on this error, the district court remanded for rehearing. We review the decision to remand for a rehearing rather than an award of benefits for an abuse of discretion. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). We hold that the district court abused its discretion because, crediting Dr. Anderson's opinion as true, there is no doubt that Varela was disabled. Further administrative proceedings are not necessary where the ALJ improperly rejected

evidence, the record has been fully developed, and further proceedings would not be useful. *Id.* at 1100–01. And given the ALJ's significant factual mistake, this case should not be remanded for more proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."). We reverse the decision of the district court and remand with instructions to remand to the Commissioner of Social Security for an award of benefits.

Costs are awarded to Varela.

**REVERSED AND REMANDED FOR PAYMENT OF BENEFITS.**

*Varela v. Saul*, No. 19-16785

HUNSAKER, Circuit Judge, dissenting:

I agree that the Administrative Law Judge erroneously rejected the diagnosis of Allison Varela's treating physician, but I disagree this case should be remanded for an immediate award of benefits. We remand for an award of benefits under the credit-as-true rule only in "rare circumstances." *Treichler v. Comm'r of Soc., Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir.2014) (citing 42 U.S.C. § 405(g)). We have instructed that a reviewing court may credit rejected testimony as true and remand for an award of benefits only if: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.

Here, the record is not "free from conflicts and ambiguities" as to leave no doubt regarding Varela's disability. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). The treating physician's opinion at issue has internal inconsistencies and the two non-examining physicians rendered their opinions without the benefit of the treating physician's diagnosis. On the current record, there are unanswered questions

1

regarding the extent of Varela's disability and the district court did not abuse its discretion in determining that "further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101. Accordingly, I would affirm the district court and remand to the ALJ for rehearing.