NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCINE HUERTA, | No. 19-15402 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-00563-SVK |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Argued and Submitted 15, 2021
San Francisco, California

Before: SCHROEDER, BYBEE, and R. NELSON, Circuit Judges.
Dissent by Judge SCHROEDER

Francine Huerta appeals the district court's order affirming the Social

Security Commissioner's denial of her application for disability benefits. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo a district court's judgment upholding the denial of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

social security benefits." *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted). We will only reverse the decision of an Administrative Law Judge (ALJ) "if it is not supported by substantial evidence or is based on legal error." *Id.* (quotation marks and citation omitted).

1. Huerta contends that the ALJ did not give sufficient weight to the findings of three treating and examining physicians: Dr. Elaina Guerin, Dr. H. Michael Jaffin, and Dr. Oscar Abeliuk. An ALJ may only reject an uncontradicted opinion of a treating or examining physician for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quotation marks and citation omitted). However, when "there is legitimate conflicting testimony by" even a non-treating or non-examining physician, *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995), the ALJ only needs to state "specific and legitimate reasons that are supported by substantial evidence in the record" to reject the testimony. *Lester*, 81 F.3d at 830–31 (citation omitted).

Dr. Guerin found Huerta's migraines and related ailments would frequently interfere with her attention and concentration, require unscheduled hour-long breaks, and likely result in Huerta missing work more than four times a month. However, the ALJ noted that those findings are contradicted by the findings of other physicians and other evidence in the record. For example, Huerta did not consistently raise migraine symptoms to Dr. Jaffin. Another physician found

2

medication improved her migraine symptoms. Her mental status exams were "largely unremarkable."

Huerta suggests that the ALJ did not give sufficient weight to Dr. Jaffin's opinion that she was unable to work from July 2012 to December 2013 and that she could not engage in prolonged standing, walking, squatting, or bending. However, the ALJ correctly notes that whether Huerta is unable to work is an issue reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(1). In addition, Dr. Jaffin's failure to define "prolonged" prevented that finding from providing much insight. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). And Dr. Jaffin's more specific findings do not suggest such severe physical restrictions.

Finally, the ALJ properly weighed Dr. Abeliuk's findings that Huerta could not stand or walk for more than 50 minutes without an additional break and that she could not walk on uneven terrain, kneel, squat, or climb stairs. The ALJ accounted for the prolonged standing and walking restrictions by including a sit/stand option in the residual functional capacity analysis. And the additional movement restrictions are contradicted by other physicians' opinions and her ability to walk and function without a brace or a cane.

In summary, the ALJ properly weighed the physicians' findings by highlighting contradictory physicians' opinions and "specific and legitimate reasons . . . supported by substantial evidence in the record" to disregard some of

3

their findings. *Lester*, 81 F.3d at 830–31 (citation omitted).

2. Huerta argues the ALJ failed to properly credit her testimony about her symptoms. An ALJ can "reject the claimant's testimony about the severity of the symptoms" by "giv[ing] specific, clear and convincing reasons for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quotation marks, citations, and footnote omitted). The ALJ did just that.

The ALJ highlighted that Huerta was inconsistent in describing her migraines and related symptoms. Similarly, her alleged mental and physical symptoms were more severe than what several physicians found. In addition, her conservative treatment of her mental impairments and her daily activities, including occasional driving and household chores, undermined her description of the severity of her ailments. These are "specific, clear, and convincing reasons" to reject Huerta's testimony. *Id.*

3. The ALJ properly discounted the testimony of Huerta's husband, Mr. Huerta. If an ALJ can "give reasons that are germane to each witness," he need not credit lay witness testimony. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Here, the ALJ correctly noted Mr. Huerta's testimony regarding the severity of symptoms was generally inconsistent with the "objective medical evidence." In addition, the ALJ also noted Mr. Huerta's "inherent bias" as husband of the claimant. Together, these are sufficient reasons to discount Mr.

Huerta's testimony. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

4.     Huerta also challenges the ALJ's residual functional capacity evaluation and conclusion that Huerta could perform past work as a hospital admitting clerk. But these challenges are based on the failed arguments that the ALJ improperly weighed the findings of the physicians and the testimonies of Huerta and her husband. Therefore, these challenges also fail. Based on this conclusion, we need not discuss the ALJ's finding regarding alternative work opportunities.

**AFFIRMED.**

*Francine Huerta v. Andrew Saul*, No. 19-15402

Schroeder, Circuit Judge, dissenting:

I cannot agree with my colleagues that the ALJ provided good reasons for rejecting the findings and recommendations of the treating physicians. When there are conflicting opinions among doctors, the ALJ can only reject a treating physician's opinions by providing "specific and legitimate" reasons supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

Ms. Huerta suffered a serious injury while at work as an emergency room intake clerk. She slipped and landed hard on one knee. She thereafter began to suffer headaches, causing stroke-like weakness and pain on one side. Her treating physician for the knee injury was Dr. Jaffin, an orthopedic surgeon. He consistently reported that she was not able to return to work when filling out the required "Primary Physician's Progress Report" for workers compensation. The ALJ rejected the assessments out-of-hand as ones that only the Commissioner could make, but they were clearly a part of the regular course of treatment and diagnosis provided and should not have been discounted.

For her headaches, Ms. Huerta saw Dr. Guerin, who effectively said the impairments rendered Ms. Huerta incapable of full-time work because she would need to miss work more than four times a month. The ALJ concluded that Dr.

Guerin's assessment was overly restrictive because she was advocating for the patient. The ALJ supported his conclusion by noting that Huerta did not raise the recurrent migraine symptoms to Dr. Jaffin. That observation, to me, is less than probative since Dr. Jaffin was an orthopedic surgeon treating her knee injury. I doubt most folks would discuss headaches with him.

Finally, the record shows that Ms. Huerta had a close relationship with her young daughter, drove her to school a few times a week, opted for conservative treatment, and tried to do housework when she was able. It is not obvious why these otherwise laudable efforts conflict with her treating doctors' assessments that she was unable to perform full-time work.

In my view, the record contains no legitimate, articulated basis for rejecting the opinions of Dr. Guerin or Dr. Jaffin. Since the record is fully developed, and the improperly discredited evidence would require a finding of disability, Ms. Huerta should be awarded benefits. *See, e.g.*, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). I therefore respectfully dissent.