**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTA WHITING, | No.   19-36032 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05464-BAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted May 13, 2022
Pasadena, California

Before:  IKUTA, NGUYEN, and OWENS, Circuit Judges.

Roberta L. Whiting appeals from the district court's decision affirming the

Administrative Law Judge's ("ALJ") partially favorable decision concerning her

application for Supplemental Security Income benefits under Title XVI of the

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g).  As the parties are familiar with the facts, we do not recount them here.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks and citations omitted). We affirm.

Whiting argues that the ALJ erred in discounting her testimony that she was instructed to keep her arm straight while wearing a compression sleeve to treat her lymphedema. She further argues that the ALJ needed to provide "specific, clear and convincing reasons" for rejecting her testimony, and that a lack of corroboration in her medical records is not such a reason. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also, e.g.*, *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004). However, Whiting's reliance on this standard is misplaced: This standard governs purely subjective symptoms, such as pain, which "cannot be objectively verified or measured." *Bunnell v. Sullivan*, 947 F.2d 341, 347 (9th Cir. 1991) (en banc) (quoting *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989)). By contrast, Whiting's testimony concerned instructions from her doctors, which could be objectively verified, and the ALJ did not err by discounting that testimony for lack of record support. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (rejecting contention that ALJ erred by not "address[ing] the drowsiness side-effect of her medication" where "the ALJ took into account those limitations

2

for which there was record support").

Nor are we persuaded by Whiting's argument that the ALJ failed to fully and fairly develop the record and erred by not "eliciting further medical testimony or opinion evidence" about her doctor's instructions. Whiting had the burden of providing evidence to establish her functional limitation, *see Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020), including her impairments and their severity, *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).

**AFFIRMED.**